UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cv-24500-JLK

JACOB ZOWIE THOMAS RENSEL,
individually and on behalf of all others
similarly situated,

                Plaintiff,

v.

CENTRA TECH, INC., SOHRAB SHARMA,
RAYMOND TRAPANI, ROBERT FARKAS,
and WILLIAM HAGNER,

                Defendants.

**RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER, ASSET FREEZE, DOCUMENT PRESERVATION ORDER, AND ORDER TO MAKE ACCOUNTING AND OTHER ANCILLARY RELIEF**

Plaintiff Jacob Zowie Thomas Rensel seeks emergency injunctive relief based on an alleged threat of dissipation by Defendants of the assets raised in connection with the Centra Tech ICO (the "ICO Proceeds").[1] As previously explained, Plaintiff's case should be dismissed on the merits for the reasons stated in the still-pending motion to stay, or, in the alternative, to dismiss. Centra Tech consents, however, to certain aspects of prophylactic injunctive relief by court order, as described below.

---

[1] Plaintiff named as defendants Centra Tech, Inc. ("Centra Tech"), and several of its founders and officers, including Sohrab "Sam" Sharma ("Sharma"), Raymond Trapani ("Trapani"), Robert Farkas ("Farkas"), and William Hagner ("Hagner," together with Sharma, Trapani, and Farkas, the "Individual Defendants") (collectively, "Defendants"). On April 12, 2018, Defendants filed a Statement Noting Death with respect to now-deceased defendant Hagner.

I. ARGUMENT

A. **The ICO Proceeds are already functionally frozen and subject to a seizure warrant.**

The ICO Proceeds consist of approximately 51,068.675 ETH received by Centra Tech from contributors through the Centra Tech smart contracts during the Centra Tech ICO. D.E. 26-1, Declaration of Allan Shutt ("Shutt Decl."), at ¶ 8.[2]  Prior to the initiation of this litigation, Centra Tech arranged for the ICO Proceeds to be placed in a secure Ethereum public wallet (the "ICO Wallet").  D.E. 25-8 (filed under seal), Dec. 29, 2017 Letter from D. Axelrod to D. Enright.  The private key, which is necessary to access and transfer funds in the ICO Wallet, was broken in half, with each half physically stored in a separate safety deposit box at two different banks.  *Id.*; Shutt Decl. ¶ 11.  One box was initially accessible only by Allan Shutt, the General Counsel and Chief Compliance Officer of Centra Tech, Inc. and the other box was accessible only by Robert Farkas, the Chief Operating Officer of Centra Tech, Inc.  *Id.*  In practical effect, transferring funds from the ICO Wallet would require both Mr. Shutt and Mr. Farkas to physically retrieve the separate halves of the private key and join them together.  Both were instructed to not access these funds without prior approval of outside counsel.  *Id.*

In addition to the 51,000 ETH, this public wallet contains 40,000 ETH from Centra Tech's South Korean partner, Bitsset, pursuant to a partnership agreement.  Shutt Decl. ¶ 12.  Those funds represent the paid-in partnership equity of Bitsset and have no connection to

---

[2]  Plaintiff suggests that Centra Tech received bitcoin or other virtual currencies in connection with the ICO, *see* Mtn. at 1, but that is incorrect.  The smart contracts issuing the Centra token were capable of accepting only Ethereum.  In certain limited instances, Centra Tech took receipt of contributors' bitcoin and other virtual currencies, converted them into Ethereum, and sent the Ethereum to the smart contract.  The result was that (1) the contributor received Centra Tokens, and (2) Centra Tech received Ethereum.  All such Ethereum now resides in the ICO Wallet.

Plaintiff's claims or the putative class. The remaining approximate 8,931.325 ETH represents funds belonging to Centra Tech that do not represent funds that purchasers sent to Centra Tech to purchase CTR. Shutt Decl. ¶ 13. These funds, too, are not ICO proceeds and have no connection to this lawsuit.

On or about April 1, 2018, as detailed in Plaintiff's motion, defendants Sharma and Farkas were arrested pursuant to a criminal complaint filed in the Southern District of New York. They remain in federal custody as of this filing, pending transfer to New York for an initial appearance and arraignment. *See* Ex. A, Supplemental Declaration of David Axelrod ("Axelrod Decl."), at ¶ 3. In connection with this investigation, the Department of Justice ("DOJ") served comprehensive subpoenas on Centra Tech requiring, in effect, that Centra Tech hand over all of its records to DOJ. *Id.* ¶ 4. Pursuant to this subpoena, DOJ demanded that Centra Tech turn over the two halves of the private key, controlled by Robert Farkas and Allan Shutt. *Id.* ¶ 5. On April 11, 2018, Mr. Shutt met with agents of the Federal Bureau of Investigation ("FBI") and relinquished his half of the private key.[3] *Id.*

Further, on April 13, 2018, Centra Tech was served with a warrant of seizure issued by a magistrate judge in the Southern District of New York for 91,000 ETH stored in the ICO Wallet. *Id.* at ¶ 6; Ex. 1 to Axelrod Decl. (the "Seizure Warrant"). As such, over 90% of the funds in the ICO Wallet—and 100% of the ICO Proceeds—are already encumbered by a pending warrant. Centra Tech, having been served with the warrant, has been directed to effectuate the transfer of

---

[3] Plaintiff explicitly, and with no evidence, accuses Mr. Shutt of being a participant in and accomplice to alleged criminal conduct. Mtn. at 18 ("Mr. Shutt . . . likely assisted Farkas with his plans to flee the country."). Mr. Shutt has not been arrested or charged with any crime and has been at all times a practicing attorney in good standing with all jurisdictions in which he is registered to practice. Plaintiff's attacks on Mr. Shutt's credibility are wholly speculative and should be afforded no weight whatsoever.

3

such funds to federal agents. *See* Ex. 1. Centra Tech consents to an order enjoining Centra Tech from accessing the assets in the ICO Wallet for any purpose other than complying with the Seizure Warrant (and to a preliminary injunction of the same scope).[4]

The federal seizure of 91,000 ETH renders moot Plaintiff's remaining requests for injunctive relief. 91,000 ETH is currently valued at approximately $46 million.[5] As a result, those assets are more than sufficient, if necessary, to provide relief to all members of the putative class. *See* D.E. 1 ¶ 2 (alleging that Centra Tech "received over $30 million in digital currency investments"); Mtn. at Ex. 1 (SEC complaint) ¶ 1 (alleging ICO raised "at least $32 million"); Ex. 2 (federal criminal complaint) ¶ 2 (alleging that the ICO raised "more than $25 million"). And in practice, the putative class will be entitled, at most, to significantly less than was raised during the ICO because many putative class members sold their Centra Tokens for either a profit (like Plaintiff) or a modest loss.

Defendants oppose a broader asset freeze because there are no other accounts that contain ICO proceeds and such a freeze is unnecessary to preserve the status quo or to protect the interests of the putative class. A plaintiff seeking an equitable remedy such as rescission—as opposed to purely money damages—may be entitled to a tailored freeze to preserve the assets at issue. *Compare Deckert v. Independence Shares Corp.*, 311 U.S. 282, 290 (1940) (approving injunction "framed narrowly" to restrain the specific funds at issue) *with Rosen v. Cascade Int'l*, 21 F.3d 1520 (11th Cir. 1994) (reversing preliminary injunctive relief in securities action seeking money damages); *In re Fredeman Litig.*, 843 F.2d 821, 828 (vacating injunction that "froze

---

[4] Centra Tech has already relinquished half of the private key to federal agents, meaning that Defendants have no independent ability to access the assets in any event.

[5] As of April 13, 2018 on coinmarketcap.com.

essentially all of the defendants' assets, effectively putting the defendants into involuntary receivership, based on unproven claims for unliquidated damages"). Here, under Section 12(a)(1) of the Securities Act, Plaintiff seeks either rescission—for putative plaintiffs who hold their Centra Tokens—or money damages, for putative plaintiffs who sold their Centra Tokens.[6] The assets necessary for that relief are subject to a seizure warrant and will be available for class relief at the direction of federal authorities. As such, a broader asset freeze is unwarranted.

### B. Centra Tech consents to a limited document preservation order.

Plaintiff also requests a preservation order prohibiting the transfer or destruction of case-related documents. Centra Tech will continue to abide by its existing obligation to preserve documents related to the instant matter. That obligation, however, is constrained by the fact that all of Centra Tech's paper records and electronic devices, including workplace computers and employer-issued cellular telephones, are in the possession of the FBI. *See* Axelrod Decl. ¶ 4. Accordingly, to the extent that Centra Tech is currently in possession of or has returned to it any materials relevant to the instant matter, Centra Tech consents to the entry of a preservation order. Centra Tech further consents to the entry of a preliminary injunction of the same scope.

### C. Defendants oppose an interim accounting.

Last, Plaintiff requests an interim accounting of Centra Tech's finances. Mtn. at 2. Defendants oppose an interim accounting because Plaintiff's interests will be fully protected by the aforementioned Seizure Warrant and limited injunction. Further, an accounting is

---

[6] Defendants dispute the right of the putative class to any remedy, and dispute that Plaintiff can establish a likelihood of success on the merits that would traditionally be required under the circumstances. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

impractical at this time due to Centra Tech's limited operational capacity, and the fact that Mr. Sharma and Mr. Farkas remain incarcerated.[7] On that basis Plaintiff's request should be denied.

## II. CONCLUSION

Centra Tech consents to a temporary restraining order enjoining Centra Tech from accessing the ICO Wallet except to the extent necessary to comply with the Seizure Warrant, and a limited preservation order. Centra Tech further consents to the entry of a preliminary injunction of the same scope. The remaining measures of injunctive relief requested by Plaintiff are either unnecessary or impossible to implement and should be denied.

Date: April 13, 2018

Respectfully submitted,

**MANDEL & MANDEL LLP**
169 East Flagler Street, Ste. 1200
Miami, FL 33131
Tel: (305) 374-7771
Fax: (305) 374-7776

By: */s/ Nina Stillman Mandel*
NINA STILLMAN MANDEL, ESQ.
Florida Bar No. 843016
nsm@mandel.law

**BALLARD SPAHR LLP**
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8500
Facsimile: (215) 864-8999

1675 Broadway, 19th Fl.
New York, NY 10019-5820
Telephone: (212) 223-0200
Facsimile: (212) 223-1942

*/s/ David L. Axelrod*
DAVID L. AXELROD, ESQ.*
axelrodd@ballardspahr.com
MARJORIE J. PEERCE, ESQ.*
peercem@ballardspahr.com
THOMAS F. BURKE, ESQ.*
burket@ballardspahr.com

*admitted *pro hac vice*

---

[7] Nor are the remaining Defendants capable of producing documents necessary for an interim accounting. Mr. Trapani has had no connection to Centra Tech since November 2017 and Mr. Hagner is deceased.

6

            *Counsel for Defendants Centra Tech, Inc., Sohrab Sharma, Raymond Trapani, Robert Farkas, and William Hagner*

## Certificate of Service

I hereby certify that on April 13, 2018, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or parties of record via CM/ECF.

            */s/ Nina Stillman Mandel*