UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-24500-CIV-KING/SIMONTON

JACOB ZOWIE THOMAS RENSEL,

      Plaintiff,

v.

CENTRA TECH, INC., ET AL

      Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' RENEWED MOTION FOR A TEMPORARY RESTRAINING ORDER

THIS CAUSE comes before the Court upon the Report and Recommendation of Magistrate Judge Andrea M. Simonton (DE #79), recommending that the Defendants' Renewed Motion for a Temporary Restraining Order, Document Preservation Order, and Order to Make Accounting and Other Ancillary Relief ("Renewed Motion) (DE #54) be granted to the limited extent consented to by the Defendants, and otherwise be denied. The Defendants have filed Objections to the Report and Recommendation (DE # 82), as have the Plaintiffs (DE # 90). The matter is ripe for review.[1]

The Defendants' sole objection to the Magistrate Judge's Report and Recommendation concerns the Defendants' consent to the entry of a limited Temporary Restraining Order: although the Defendants consented both in their briefing on the Renewed Motion and at oral

---

[1] The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A de novo review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); 28 U.S.C. § 636(b)(1). "It is critical that the objection be sufficiently specific" in order to warrant de novo review. *Id.*

argument before the Magistrate Judge to the entry of "an order enjoining Centra Tech from accessing the assets in the ICO Wallet for any purpose other than complying with the Seizure Warrant (and to a preliminary injunction pf the same scope)," (DE #63), Defendants now submit that such consent was based upon former defense-counsel's misunderstanding as to the scope of funds that would be seized by the United States government, and that Defendants do not, in fact, consent to an order covering 8,932.325 Ether that was contained in the ICO Wallet but that the Defendants contend is not related to the Centra Tech ICO (the "Unrelated Funds") (DE #82 at 3). The Defendants do not object to the entry of a limited Temporary Restraining Order as to 91,000 Ether in ICO Proceeds (DE #82 at 9).

Because the Magistrate Judge's recommendation was based solely upon the Defendants' consent, and because the Defendants' have timely moved the Court to correct their misstatement as to the scope of their consent (DE # 82), this Court believes that it is appropriate to narrow the scope of the asset freeze and injunction to reach only those funds as to which the Defendants do not contest such measures. To the extent the Plaintiffs believe that the Unrelated Funds are, in fact, related to the Centra Tech ICO and should be subject to some form of protection, the Plaintiffs are free to move for a preliminary injunction as to those assets.

The Plaintiffs have objected to certain factual findings underpinning the Magistrate Judge's determination that the Plaintiffs have failed to demonstrate irreparable harm so as to warrant the imposition of a temporary restraining order. Specifically, the Plaintiffs point to certain facts regarding the key to the ICO Wallet and argues that the Report relied on safeguards that "were nonexistent" and fails to fully take into account the actions that Defendant Sharma, and potentially other Defendants, have taken in an attempt to place the putative class' investments beyond the reach of the Court (DE #90 at 14-15). Upon review of the record,

however, there were and are numerous safeguards in place to prevent the dissipation of the ICO Proceeds. As noted in Magistrate Judge Simonton's Report, Defendants Sharma, Farkas, and Trapani have been arrested and released on bail, subject to significant bail conditions that substantially decrease the risk of dissipation of the remaining ICO Proceeds or the flight of the Defendants, including restrictions and/or prohibitions as to internet access and usage. Ninety-one thousand (91,000) Ether has been transferred to a government-controlled digital wallet and is no longer accessible by the Defendants. Thus, upon full review of the record, this Court finds that the Plaintiffs have failed to demonstrate a likelihood of irreparable harm. In the absence of such showing, preliminary injunctive relief beyond that to which the Defendants have consented is improper. *See Siegel*, 234 F.3d at 1176 ("Significantly, even if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

After a thorough review of the record and consideration of the Report & Recommendation and the objections raised thereto by the Parties, the Court concludes that the Report & Recommendation is well-reasoned and accurately states the law of the case. The Report and Recommendation is thorough and exhaustive in its consideration of the Parties' arguments.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Magistrate Judge Simonton's Report and Recommendation (DE #79) be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an Order of this Court, with the understanding that the Defendants have clarified the scope of their consent to the Temporary Restraining Order subsequent to the issuance of the Magistrate Judge's Report and Recommendation (DE #82).

2. The Defendant's Renewed Motion for a Temporary Restraining Order, Asset Freeze, Document Preservation Order, and Order to Make Accounting and Other Ancillary Relief **(DE #54)** is **GRANTED** to the limited extent consented to by the Defendants, and otherwise **DENIED**; as follows:

    a. An asset freeze is imposed over the 91,000 Ether in ICO Proceeds that are currently held in a government-controlled digital wallet; and

    b. Defendants Centra Tech, Inc., Sohrab Sharma, Raymond Trapani, Robert Farkas, and William Hagner, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Centra Tech, and including any representative, agent, or heir of Defendant Hagner,[2] are enjoined from:

        i. accessing the ICO Proceeds, as described above, for any purpose other than complying with a valid court order; and

        ii. destroying, erasing or otherwise making unavailable for further proceedings in this matter, any records or documents, books, records, accounts, account passwords, computer passwords, device PINS and passwords, cryptographic keys, or any instruments, data, and papers relating in any manner to Centra Tech and the Centra Tech ICO.

3. This Temporary Restraining Order shall expire 14 days from the date of this Order.

---

[2] Although the parties have represented that Defendant Hagner is deceased, he remains a party to this case since no substitution or dismissal has occurred, and any representative or heirs of Defendant Hagner must be included in the Order until such substitution or dismissal is made.

4

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 25th day of September, 2018, at _____.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished via CM/ECF to:
All counsel of record