**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:17-cv-24500 (Scola/Becerra)**

JACOB ZOWIE THOMAS RENSEL, WANG YUN HE, CHI HAO POON, KING FUNG POON, JAE J. LEE, MATEUSZ GANCZAREK, and RODNEY WARREN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CENTRA TECH, INC., SOHRAB SHARMA, ROBERT FARKAS, RAYMOND TRAPANI, STEVEN STANLEY, STEVEN SYKES, ALLAN SHUTT, CHASE ZIMMERMAN, FLOYD MAYWEATHER JR, and KHALED MOHAMED KHALED A/K/A DJ KHALED,

Defendants.

**JOINT DISCOVERY PLAN AND CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Rule 16.1 of the Local Rules of the Southern District of Florida, and the Court's Order Requiring Discovery and Scheduling Conference (ECF No. 116), Plaintiffs Jacob Zowie Thomas Rensel, Wang Yun He, Chi Hao Poon, King Fung Poon, Jae J. Lee, Mateusz Ganczarek, and Rodney Warren (collectively "Plaintiffs"), and Defendants Floyd Mayweather Jr., Khaled Khaled a/k/a DJ Khaled, and Steve Sykes (collectively, "Conferring Defendants") file this Joint Discovery Plan and Conference Report. Pursuant to the Court's December 11, 2018 Order on *Expedited* Motion to Extend Time to Submit Scheduling Report (ECF No. 129), the deadline to submit this report was extended to January 16, 2019. The undersigned counsel met and conferred on November 28, 2018[1] regarding the matters set forth in this Joint Discovery Plan and Conference Report and continued to meet and confer by exchanging drafts of this report.[2] Undersigned counsel hereby submit the following:

### I.     CURRENT PROCEDURAL POSTURE AND PSLRA DISCOVERY STAY

Defendants Steven Sykes, Floyd Mayweather Jr. and Khaled Khaled all filed motions to dismiss the First Amended Complaint on December 21, 2018 (ECF Nos. 140, 141, 142). Because of these pending motions, discovery and all other proceedings are stayed pursuant to the Private Securities Litigation Reform Act ("PSLRA") during the pendency of these motions. *See* 15 U.S.C. ¶¶ 77z-1(b)(1), 78u-4(b)(3)(B). On December 27, 2018, the Court granted Plaintiffs' Unopposed Motion for Extension of Time in Responding to Motions to Dismiss the First

---

[1] Attorney Adam Louis Schwartz of Homer Bonner Jacobs, P.A.—who at the time was counsel for Defendants Centra Tech, Inc., Sohrab Sharma, and Robert Farkas but has since withdrawn—also participated in the November 28, 2018 meet and confer call. Pursuant to the Court's December 10, 2018 order granting Attorney Schwartz's request to withdraw, the above defendants were directed to retain new counsel or file a notice regarding proceeding pro se (as to the individual defendants only) by December 28, 2018. ECF No. 127. On January 2, 2019, Defendants Centra Tech and Sharma filed motions for extension of time to obtain counsel, which were granted on January 3, 2019. ECF No. 148. Pursuant to the Court's December 13, 2018 order, Defendant Trapani was directed to retain new counsel or file a notice regarding proceeding pro se by December 20, 2018. ECF No. 134. None of these defendants has filed any papers indicating that new counsel has been retained or that the defendant is proceeding pro se. Defendants Steven Stanley, Allan Shutt, and Chase Zimmerman have not been served with summons.

[2] Correspondence was sent to the email addresses on file for Centra Tech, Inc., Sohrab Sharma, Robert Farkas, and Raymond Trapani ("Unrepresented Defendants") attaching a draft of this report and asking Unrepresented Defendants to indicate if they wished to sign on to the report or add a statement about their respective positions. As of January 15, 2019, Unrepresented Defendants have not responded to this correspondence.

Amended Class Action Complaint to January 25, 2019.  As of January 15, 2019 no other defendant has responded to the First Amended Complaint (ECF No. 97).[3]

## II. REPORT OF THE PARTIES' CONFERENCE PURSUANT TO S.D. FLA. L.R. 16.1(b)(2)

### A. The likelihood of settlement

Settlement is not likely during the pendency of the Conferring Defendants' motions to dismiss.

### B. The likelihood of appearance in the action of additional parties

The Plaintiffs and the Conferring Defendants do not currently anticipate that additional parties will be brought into this action.  However, should the motions to dismiss filed by Defendants Floyd Mayweather Jr. and Khaled Khaled be denied, these defendants may file cross-claims against other named defendants.

### C. Proposed limits on the time to join other parties, amend the pleadings, file and hear motions, and complete discovery

**Plaintiffs' Position**

Plaintiffs' position is that the matter is sufficiently complex such that a schedule akin to Attachment B would be appropriate if cued from the time of the adjudication of all pending motions to dismiss and filing of Answers by defendants, with additional deadlines to account for briefing and a hearing on Plaintiffs' motion for class certification.  Plaintiffs believe that, in light of the PSLRA discovery stay, it would be inappropriate and unfair to commence the discovery schedule until the stay has been lifted.

**Conferring Defendants' Position**

Conferring Defendants' position is that were this case to proceed past the pleading stage, it is uniquely complex and therefore there is good reason to depart from the scheduling tracks set forth as Attachments "A" and "B" to the Court's Order requiring Discovery and Scheduling

---

[3] Defendants Centra Tech, Inc., Sohrab Sharma, Robert Farkas, and Raymond Trapani were ordered to respond to the First Amended Complaint by January 22, 2019.  ECF Nos. 127, 134.

Conference.  While the allegations regarding defendants Mayweather's and Khaled's conduct are limited and would involve minimal discovery from them, the case would be significantly complicated by class certification issues and by factual and technical issues relating to Centra Tech's business and whether its tokens are "securities."

First, Plaintiffs assert a putative class action and class certification issues add considerable complexity to the case.  None of the Plaintiffs alleges that they actually relied on purported misrepresentations or fraudulent conduct by any of the Conferring Defendants.  Because the Plaintiffs have not pled that they are proceeding on an "efficient market" theory in this action, but are instead proceeding on a "fraud created market" theory, reliance will be an issue in connection with class certification.  In order to certify a class, Plaintiffs would be required to show reliance on a class basis, which will require considerable factual proof.  Issues related to proof of commonality and typicality will be complex and hard-fought, given the absence of pleading or proof of an efficient market, and the varying timing and rationales for each of the seven individual Plaintiffs' purchases.  Indeed, Mayweather and Khaled contend that certain of the Plaintiffs lack standing to sue them because they made all their Centra Token purchases before any of defendants Mayweather's and/or Khaled's alleged statements, and that other Plaintiffs' purchasing patterns fail to support any claim against them.

In addition, issues related to each Plaintiff's standing to assert claims against certain defendants and the amount of damages, if any, would be determined, in part, by the price of the Centra Tokens at the time each Plaintiff purchased and/or sold them and the price of cryptocurrencies used to effectuate those purchases.  Whether damages can be proved by a methodology common to a putative class is uniquely complex and would likely require considerable expert testimony, as Plaintiffs appear to allege that they used cryptocurrencies such as Bitcoin and Ethereum to purchase Centra Tokens, but appear to seek damages in dollars.

Further, given the highly technical nature of virtual currencies and digital coins, the Parties anticipate that numerous expert witnesses may be required to assist any trier of fact in determining whether Centra Tokens are "securities."

Finally, given what is alleged in this case, the Parties anticipate that a significant amount of information and documents would be sought from Centra Tech and/or its founders, who are currently defendants in a criminal case as well as an action filed by the Securities and Exchange Commission. The pendency of those cases, and the alleged limited resources of Centra Tech and its founders, could make discovery difficult.

Sorting out these issues would require the parties to expend substantially more time and resources than is contemplated by the scheduling tracks set forth in Attachments "A" and "B" to the Court's Order.

Based on the foregoing, Conferring Defendants propose the following schedule, in the event that the PSLRA stay expires by March 20, 2019. To the extent that the stay remains in effect after the March 20, 2019, the Conferring Defendants will submit a revised schedule to the Court for approval.

| | |
|---|---|
| April 19, 2019[4] | Deadline to join additional parties or to amend pleadings, and for Defendants to file cross-claims. |
| April 19, 2019 | Deadline to file joint interim status report. |
| June 14, 2019 | Deadline to file motion for class certification |
| July 19, 2019 | Deadline to complete all class-certification related expert discovery related to class certification motion |
| August 2, 2019 | Deadline to file oppositions to motion for class certification |
| August 9, 2019 | Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |

---

[4] Motions to dismiss by the Conferring Parties are currently pending. Plaintiffs and the Conferring Defendants agree that this deadline should not be earlier than 30 days after the entry of an order on Defendants' Motions to Dismiss Amended Complaint or any subsequent motion to dismiss. Thus, depending on when such order(s) are entered, and the substance of the order(s), it may be appropriate for this date to be changed.

| | |
|---|---|
| November 18, 2019 | Deadline to complete all fact discovery.<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.<br><br>Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |
| January 31, 2020 | Deadline to complete all expert discovery. |
| February 14, 2020 | Deadline for the filing of all dispositive motions. |
| February 21, 2020 | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| April 17, 2020 | Deadline for the filing of pretrial motions, including motions in limine and Daubert motions. |
| May 15, 2020 | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3). |
| May 29, 2020 | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |
| June 15, 2020 | Two-week trial period commences (calendar call will be scheduled on the Tuesday before the trial period) |

**D.     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

The Plaintiffs and Conferring Defendants have not agreed at this time to eliminate any claims or defenses or otherwise simplify the issues.  Conferring Defendants have filed motions to dismiss all claims against them.  However, if and to the extent that any of Plaintiffs' claims survive against any Conferring Defendant and discovery progresses, the Plaintiffs and Conferring Defendants will discuss these issues and will provide notice to the Court of any agreements that arise out of these discussions.  Regarding summary judgment, the Conferring Defendants propose a deadline of February 14, 2020 (16 weeks before the proposed June 15, 2020 trial date) for the filing of any summary judgment motions.  Plaintiffs believe that setting a deadline for such motions would be inappropriate at this time, as it is currently unknown when discovery may commence.

**E.     The necessity or desirability of amendments to the pleadings**

It is premature for the Plaintiffs and Conferring Defendants to take a position regarding further amendments to the pleadings in light of Conferring Defendants' pending motions to dismiss the First Amended Complaint.

**F.     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

Given the pending motions to dismiss and stay of discovery under the PSLRA, the Plaintiffs and Conferring Defendants have not agreed at this time to any admissions of fact or documents.  They are willing to address these issues at a later time were the case to progress.

**G.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

None at this time.

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The Plaintiffs and the Conferring Defendants do not consent to a reference to a Magistrate Judge.  The Plaintiffs and the Conferring Defendants do not oppose referring discovery matters to a Magistrate Judge but preserve their appellate rights on any rulings by the Magistrate Judge.

**I.     A preliminary estimate of the time required for trial**

The Plaintiffs and Conferring Defendants estimate a two-week trial following voir dire.

**J.     Requested date or dates for conferences before trial, a final pretrial conference, and trial**

No conferences or trial date have been set at this time.  However, Conferring Defendants propose a trial date of June 15, 2020 were the case to proceed.  Plaintiffs believe that it is premature to set any such dates at this time, as it is unknown when the PSLRA discovery stay will be lifted.

**K.     Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

None at this time due to current stay of discovery pursuant to the PSLRA.

  L. **Any other information that might be helpful to the Court in setting the case for status or pretrial conference**

None at this time.

III. **PROPOSED DISCOVERY PLAN**

  A. **Change in timing, form or requirements under Rule 26(a)**

Plaintiffs and Conferring Defendants agree that the initial disclosures set forth in Fed. R. Civ. P. 26(a)(1) shall be made by Plaintiffs and the affected Conferring Defendant(s) within 21-days of the filing of answers after any order denying the Conferring Defendant's motion to dismiss, or if a motion to dismiss is granted with leave to amend, within 14 days of a Conferring Defendant's answer to any subsequently filed complaint.

  B. **Subjects on which discovery may be needed, when discovery should be completed, and how discovery should be conducted**

Plaintiffs and Conferring Defendants agree that, if the case proceeds past motions to dismiss, discovery is needed on Plaintiffs' allegations, Plaintiffs' alleged damages, and Conferring Defendants' anticipated defenses asserted in this lawsuit. Plaintiffs and Conferring Defendants do not believe that discovery should be conducted in phases at this time.

  C. **Any information relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**

None has been identified at this time due to the PSLRA discovery stay.

  D. **Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order**

None has been identified at this time.

  E. **Whether changes should be made in limitations on discovery under the Federal and Local rules.**

While it is too early to assess the precise number of depositions needed were the case to proceed, given that there are multiple Plaintiffs and other witnesses in this matter, Conferring

Defendants anticipate that Conferring Defendants would seek leave to take in excess of the 10 depositions provided under Rule 30. Plaintiffs similarly anticipate that, in light of the issues presented by this matter, Plaintiffs expect to seek to exceed standard limitations on the standard permissible number of interrogatories and depositions.

   **F.**   **Other orders that the court should issue under Rule 26(c) or 16(b) and (c)**

Plaintiffs and Conferring Defendants have not identified other orders that should be issued by the Court under Rules 26(c) or 16(b) or (c) at this time.

Dated: January 16, 2019       Respectfully submitted,

                **REED SMITH LLP**

                */s/ Christina Olivos*
Edward M. Mullins, Esq.
Florida Bar No. 863920
emullins@reedsmith.com
Christina Olivos, Esq.
Florida Bar No. 119580
colivos@reedsmith.com
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (786) 747-0200
Facsimile: (786) 747-0299

James L. Sanders
*Admitted Pro Hac Vice*
jsanders@reedsmith.com
Francisca M. Mok
*Admitted Pro Hac Vice*
fmok@reedsmith.com
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: (310) 734-5200
Facsimile: (310) 734-5299

Kasey J. Curtis
*Admitted Pro Hac Vice*
kcurtis@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

**WRIGHT MARSH & LEVY**

Richard A. Wright
*Admitted Pro Hac Vice*
rick@wmllawlv.com
300 S 4th Street, Suite 701
Las Vegas, NV 89101
Telephone: (702) 382-4004

*Counsel for Floyd Mayweather Jr.*

**COLSON HICKS EIDSON**

*/s/ Curtis B. Miner*
Curtis B. Miner
Florida Bar No. 885681
curt@colson.com
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

**LANKLER SIFFERT & WOHL LLP**

Charles T. Spada
*Admitted Pro Hac Vice*
cspada@lswlaw.com
Jeannie Rose Rubin
*Admitted Pro Hac Vice*
jrubin@lswlaw.com
500 Fifth Avenue
New York, NY 10110
Telephone: (212) 921-8399

*Counsel for Khaled Khaled a/k/a DJ Khaled*

**WINSOR DANIEL JR. P.L.**

*/s/ Winsor Daniel Jr.*
Winsor Daniel Jr.
Florida Bar No. 736554
Wdaniel@TheDanielFirm.com
15800 Pines Blvd, Third Floor
Pembroke Pines, FL 33027
Telephone: (954) 362-5225
Facsimile: (888) 409-8375
*Counsel for Steven Sykes*

**KOMLOSSY LAW P.A.**

*/s/ Emily Cornelia Komlossy*
Emily Cornelia Komlossy
Florida Bar No. 7714
eck@komlossylaw.com
4700 Sheridan Street, Suite J
Hollywood, FL 33021
Telephone: (954) 842-2021
Facsimile: (954) 416-6223

**LEVI & KORSINSKY, LLP**

Donald J. Enright
*Admitted Pro Hac Vice*
denright@zlk.com
John A. Carriel
*Admitted Pro Hac Vice*
jcarriel@zlk.com
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will provide electronic service to all parties of record on the Service List below.

*/s/ Christina Olivos*
Christina Olivos, Esq.

## ELECTRONIC SERVICE LIST

**COLSON HICKS EIDSON**
Curtis B. Miner
Florida Bar No. 885681
curt@colson.com
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134-2351
Telephone: (305) 476-7400
Facsimile: (305) 476-7444

**LANKLER SIFFERT & WOHL LLP**
Charles T. Spada
*Admitted Pro Hac Vice*
cspada@lswlaw.com
Jeannie Rose Rubin
*Admitted Pro Hac Vice*
jrubin@lswlaw.com
500 Fifth Avenue
New York, NY 10110
Telephone: (212) 921-8399

*Counsel for Khaled Khaled a/k/a DJ Khaled*

**WINSOR DANIEL JR. P.L.**
Winsor Daniel Jr.
Florida Bar No. 736554
Wdaniel@TheDanielFirm.com
15800 Pines Blvd, Third Floor
Pembroke Pines, FL 33027
Telephone: (954) 362-5225
Facsimile: (888) 409-8375

*Counsel for Steven Sykes*

**LEVI & KORSINSKY, LLP**
Donald J. Enright
*Admitted Pro Hac Vice*
denright@zlk.com
John A. Carriel
*Admitted Pro Hac Vice*
jcarriel@zlk.com
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

**KOMLOSSY LAW P.A.**
Emily Cornelia Komlossy
Florida Bar No. 7714
eck@komlossylaw.com
4700 Sheridan Street, Suite J
Hollywood, FL 33021
Telephone: (954) 842-2021
Facsimile: (954) 416-6223

*Counsel for Plaintiffs*

## MAIL SERVICE LIST

**Centra Tech, Inc.**
c/o Gennaro Cariglio, Esq.
8101 Biscayne Boulevard
Penthouse 701
Miami, FL 33138

**Sohrab Sharma**
c/o Gennaro Cariglio, Esq.
8101 Biscayne Boulevard
Penthouse 701
Miami, FL 33138

**Raymond Trapani**
2000 Meridith Avenue
Virginia Beach, VA 23455

**Robert Farkas**
c/o Paul Petruzzi, Esq.
8101 Biscayne Boulevard
Penthouse 701
Miami, FL 33138

**Raymond Trapani**
54 Acalpulco Street
Atlantic Beach, NY 11509

**Raymond Trapani**
c/o Joseph A. Bondy
The Law Offices of Joseph A. Bondy
1841 Broadway, Suite #910
New York, NY 10023