United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jacob Zowie Thomas Rensel and others, Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 17-24500-Civ-Scola ) |
| Centra Tech, Inc., Defendant. | ) ) |

**Order on Plaintiffs' Renewed Motion for Class Certification**

This matter is before the Court on the Plaintiffs' Renewed Motion for Class Certification. (ECF No. 239.) The Defendant is in default so the Court will not consider its response. (ECF No. 246.) Upon consideration of the relevant legal authority, the Plaintiffs' motion, and the record, the Court **denies** the Plaintiffs' motion. (**ECF No. 239**.)

On September 16, 2019, the Court entered an order denying the Plaintiffs' motion for class certification (the "Order'). (ECF No. 235.) The Order denied the Plaintiffs' motion on two grounds: (1) the motion was untimely and (2) the Plaintiffs were unable to demonstrate that their proposed class was ascertainable. (*Id.* at 4.) On October 1, 2019, the Plaintiffs, without seeking leave of Court, filed a renewed motion for class certification. (ECF No. 239.) The renewed motion argues that the motion was indeed timely and provides additional information to bolster its argument that the class is ascertainable. (*See generally* ECF No. 239.) In a footnote, the Plaintiffs address the propriety of the *renewed* motion:

> Motions for class certification can be renewed without prejudice arising from any prior denials under Rule 23 and controlling precedent in this Circuit. *Reyes v. BCA Fin. Servs., Inc.,* 2018 U.S. Dist. LEXIS 106449, at *13 (S.D. Fla. June 26, 2018) ("Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits.") . . . *Andreas-Moses v. Hartford Fire Ins. Co.,* 326 F.R.D. 306, 320 (M.D. Fla. 2017) ("Indeed, the power of the district court to alter or amend class certification orders at any time prior to a decision on the merits is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the

> putative class members' claims.") . . . Thus, the fact that the Court denied the First Motion does not change the standard of review for the Court's consideration of this Renewed Motion. *See, e.g., Neumont v. Florida*, 198 F.R.D. 554, 555 (S.D. Fla. 2000) (analyzing renewed motion for class certification under Rule 23).

(ECF No. 239 at n.1.)

While it is true that Rule 23(c)(1) empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits, the rule contemplates new evidence, changed circumstances, or new information about the class members' claims. *See Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) ("This power is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims."). "The Eleventh Circuit has not established an exact standard for determining when to allow parties to revisit the issue of class certification after an initial denial thereof." *Terrill v. Electrolux Home Prods.*, 274 F.R.D. 698, 700 (S.D. Ga. 20110). District courts interpreting the scope of Rule 23(c)(1) "have suggested that revisiting the class certification issue would be appropriate if subsequent developments so require, upon a showing of new evidence or some other appropriate ground, or a demonstration of changed circumstances." *Id.* (citations and quotations omitted). Some courts treat a renewed motion as a motion for reconsideration of the court's order denying class certification. *See, e.g., Torrent v. Yakult U.S.A.*, No. 15-00124, 2016 WL 6039188, at *1 (C.D. Cal. Mar. 7, 2016) ("When confronting renewed motions for class certification previously denied, courts uniformly apply the stringent law of the case standard to motions to reconsider initial class certification decisions.").

The Plaintiffs' renewed motion does not demonstrate changed circumstances or new evidence to merit the Court's consideration of a renewed motion for class certification. The Plaintiffs first argue that their motion is timely because a scheduling order was never entered and discovery had been stayed for a long period of time. (ECF No. 239 at 13-19.) These are arguments more appropriate for a motion for reconsideration as the Plaintiffs are arguing directly against the position taken by the Court in its Order.

The Plaintiffs next argue that the class is ascertainable by submitting an affidavit of a claims administrator, providing greater detail about Centra Tech's business records, and specifically addressing many of the Court's admonitions in the denial order. (ECF No. 239 at 27 ("Harkening to the Court's admonitions, Plaintiffs' Renewed Motion proposes . . .")). The Plaintiffs dedicated less than one page to their ascertainability argument in the first motion for class certification.

(ECF No. 212 at 20.) Now, based on the Court's Order denying their first motion, the Plaintiffs' renewed motion dedicates seven pages to the issue. (ECF No. 239 at 26-33.) The Plaintiffs do not argue that this information was previously unavailable to them.

The Court is not "persuaded that [it] should require that [the plaintiffs] get a second bite at the class certification apple; inadequate briefing on an issue critical to class certification for which a party bears the burden of proof is no basis for [the Court] to order a repechage round." *Bell v. Ascendant Solutions, Inc.*, 422 F.3d 307, 316 (5th Cir. 2005) (affirming denial of renewed motion for class certification). "Courts are generally reluctan[t] to allow parties to have a second bite at the apple by relitigating issues that have already been decided, thereby incentivizing parties to put their best foot forward at the outset to avoid costly delays to the proceedings." *Torrent*, 2016 WL 6039188 at *2 (quotations and citations omitted) (denying renewed motion for class certification). The Plaintiffs' motion specifically addresses the Court's concerns in the Order. This, however, is an inappropriate use of a renewed motion for class certification. *See Terrill*, 274 F.R.D. at 701 ("In the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial ruling was expressly contingent, courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class, in the guise of motions to reconsider the class ruling.").

Accordingly, the Court **denies** the Plaintiff's renewed motion for class certification. (**ECF No. 239**.)

**Done and ordered**, at Miami, Florida, on November 20, 2019.

_____
Robert N. Scola, Jr.
United States District Judge